# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### BIG STONE GAP  DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 2:14-cr-00001-1 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **VICTORIA LYNN HOYT,** | ) | By:  James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Victoria Lynn Hoyt, Pro Se Defendant.*

The defendant, proceeding pro se, filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  This matter is before me for preliminary review, pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings.  After reviewing the record, I deny the motion as untimely filed.

## I.

I entered Hoyt's criminal judgment on April 16, 2015, sentencing her to, *inter alia*, 57 months' incarceration after Hoyt, with counsel, pleaded guilty to conspiring to commit misbranding, in violation of 18 U.S.C. § 371, and misbranding, in violation of 21 U.S.C. § 333(a)(2).

Hoyt commenced this collateral attack no earlier than May 18, 2016.[1]  The court conditionally filed her "Motion, Plain Error Review," and advised her that it

---

[1] Hoyt signed a motion titled, "Motion, Plain Error Review," on May 18, 2016.

intended to construe that motion as a § 2255 motion in accordance with *Castro v. United States*, 540 U.S. 375, 377 (2003). The court further advised that the § 2255 motion appeared to be untimely and gave her the opportunity to explain why the court should consider the § 2255 motion to be timely filed. Hoyt argues that I should consider the § 2255 motion to be timely filed because she commenced this collateral attack within one year of *Molina-Martinez vs. United States*, 136 S. Ct. 1338, 1345 (2016).

II.

Federal inmates in custody may attack the validity of their federal sentences by filing motions pursuant to 28 U.S.C. § 2255 within the one-year limitations period. This period begins to run from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized

(ECF No. 658.) In response to the court's conditional filing order, Hoyt filed a form § 2255 motion on June 29, 2016 (ECF No. 675), that I treat as relating back to the earliest date Hoyt could have handed the "Motion, Plain Error Review" to prison officials for mailing. *See* Rule 3, R. Gov. § 2255 Proceedings (discussing prison-mailbox rule for § 2255 motions); Fed. R. Civ. P. 15(c) (discussing relating back to previously filed documents); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (requiring liberal construction of pro se pleadings).

-2-

by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Hoyt's criminal judgment became final on April 30, 2015, when the time expired to appeal to the Court of Appeals for the Fourth Circuit. *See Clay v. United States*, 537 U.S. 522, 524-25 (2003) (stating a conviction becomes final once the availability of direct review is exhausted). Accordingly, for purposes of § 2255(f)(1), Hoyt had until April 30, 2016, to timely file a § 2255 motion, but she did not commence this collateral attack until May 18, 2016.

Hoyt argues that her motion is timely filed within one year of *Molina-Martinez vs. United States*, 136 S. Ct. 1338, 1345 (2016), which was issued on April 20, 2016. However, *Molina-Martinez* does not recognize a new right, and Hoyt fails to establish that it applies retroactively to cases on collateral review. *Cf. United States v. Sanders*, 247 F.3d 139, 147-48 (4th Cir. 2001) (citing *Teague v. Lane*, 489 U.S. 288, 312 (1989)). Consequently, Hoyt fails to establish that the limitations period runs from the issuance of *Molina-Martinez*, and Hoyt filed the § 2255 motion more than one year after her conviction became final.

-3-

Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Thus, a petitioner must have "been pursuing his rights diligently, and . . . some extraordinary circumstance stood in his way" to prevent timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks and citation omitted). I do not find that Hoyt pursued her rights diligently or that an extraordinary circumstance prevented her from filing a timely § 2255 motion. *See, e.g.*, *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (noting pro se status and ignorance of the law does not justify equitable tolling); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (noting that unfamiliarity with the law due to illiteracy or pro se status does not toll the limitations period). Accordingly, Hoyt is not entitled to equitable tolling, and the § 2255 motion must be denied as untimely filed.

III.

For the foregoing reasons, the Motion to Vacate, Set Aside, or Correct Sentence is denied. A separate Final Order will be entered herewith.

DATED: July 13, 2016

/s/ James P. Jones
United States District Judge

-4-