CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

APR 24 2018

JULIA C. DUDLEY, CLERK
BY: /s/
   DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 2:14CR00001-001 |
| v. | ) **OPINION AND ORDER** |
| | ) |
| VICTORIA LYNN HOYT, | ) By: James P. Jones |
| | ) United States District Judge |
| Defendant. | ) |

The defendant, a federal inmate sentenced by this court, proceeding pro se, has filed a motion seeking a judicial recommendation that the defendant be placed in a community corrections center or home confinement for the maximum time permissible under the law. For the following reasons, the motion will be denied.

I decline to recommend that the Bureau of Prisons ("BOP") amend the manner in which a defendant serves the sentence. While the Second Chance Act of 2007, Pub. L. No. 110-199, title II, § 251(a), 122 Stat. 657, 692-93 (2008), codified at 18 U.S.C. § 3624(c)(1), (2), directed and expanded the BOP's authority to permit alternative prerelease custody, the BOP has the sole discretion in deciding whether to place a prisoner in a community corrections center or home confinement, and if so, for how long. *See id.* at § 251(4). The BOP adopted regulations implementing the Second Chance Act, codified at 28 C.F.R. §§ 570.20-

.22, effective October 21, 2008. Both the statute and the regulations instruct the BOP to make a determination on the amount of time a prisoner should spend in alternative custody "on an individual basis." 18 U.S.C. § 3624(c)(6)(B); 28 C.F.R. § 570.22. I believe that the BOP is in the best position to make this determination without advice from the court.

Accordingly, it is hereby **ORDERED** that the defendant's motion is DENIED.

ENTER: April 24, 2018

/s/ James P. Jones
United States District Judge